DANIEL G. BACON and another, Respondents, v. WINTHROP
W. GILMAN, Appellant.

(GENERAL TERM, FIRST DEPARTMENT, NOVEMBER, 1871.)

A written contract for the purchase of certain specified hides, with a
memorandum as follows: " No allowance except for sea damaged, price
twelve cents per pounds cash,"—*Held*, a contract for purchase of all the
hides subject to deduction for those which are sea damaged, and that the
title under it passed upon delivery to the purchaser.

THIS was an action for goods sold and delivered.  The
action was referred to a referee, who made the following
report, viz.:

" That on the 19th day of February, 1859, the plaintiffs and
defendants entered into a contract for the purchase and sale
of a quantity of hides then in store in the city of New York,
which was evidenced by a broker's bought and sold note, one
part of which is as follows:

"NEW YORK, *February* 19*th*, 1859.

" Sold for account of D. G. & W. B. Bacon to Mr. W. W.
Gilman 4,045 Singapore and Penang cow hides, per Samuel
Appleton, no allowance except for sea damaged, price twelve
cents per pound cash."

That out of the quantity so sold the defendant, 1,867 hides,
weighing 20,402 pounds, and ninety-eight culls or sea dam-
aged hides, weighing 1,380 pounds, were, on the 23d day of
February, 1859, delivered to the defendant upon a delivery
order of the plaintiffs on the storekeeper having the said
hides in charge, directing the delivery to the defendant of the
whole quantity of hides sold to the defendant.

That on the 4th day of March, 1859, the defendants paid
the plaintiffs $2,500 generally upon account of the hides thus
purchased and sold; that on the 9th day of March, 1859,
twenty-seven bales of said hides, weighing 14,522 pounds
(being the remainder of the hides so sold), were delivered to
and taken by him to his store; that out of the quantity so
delivered 108 pounds were to be allowed as tare.

Bacon *v.* Gilman.

That the last mentioned bale hides, when delivered, had not been opened or particularly examined by or on behalf of the defendant; but afterward, and on or about the 22d of April, 1859, on opening and examining them, he claimed that 1,309 hides out of said last mentioned lot of bale hides were sea damaged, and on or about the 14th day of May, 1859, and after the suit was commenced, he gave notice to the plaintiffs that unless they took them away he would store them on their account.

And I do find that but 130 of said last mentioned hides were sea damaged; that the defendant had a right to an allowance for and by reason of such sea damage to the extent of one-half of the price fixed by said agreement, to wit, six cents per pound as the extent of such damage. Such allowance amounted to $58.50.

That the value of said hides delivered to the defendant at the prices agreed upon was as follows:

| | | |
|---|---|---|
| In first lot loose hides........ 20,402 pounds. | | |
| In second lot bale hides ..... 14,522 | | |
| 34,924 | | |
| Less tare ................. 108 | | |
| 34,816 @ 12c .. | $4,177 92 | |
| 1,380 pounds of culls in loose hides @ 6c....... | 82 80 | |
| | $4,260 72 | |

Upon which defendant is to be credited payment in cash March 4, 1859 ....$2,500 00
Allowance for sea damaged to 130 sides weighing 975 pounds @ 6c. per pound ................... 58 50
— 2,558 50
Leaving due to the plaintiffs at the commencement of this suit........................ $1,702 12

That said sum, with interest thereon from the 4th day of May, 1859, when this action was commenced, to the date of this report, together amounting to $2,736.38, is due from the

defendant to the plaintiffs. And I do find as matters of law that by the proper construction of said agreement or sale note, the defendant was entitled to an allowance and deduction from the contract price of the hides delivered to him of the amount to which said hides were injured by sea damage.

That by the delivery of the hides to the defendant the title thereto (including those sea damaged) passed to the defendant; that the defendant is only entitled to an allowance and deduction from the contract price of said bale hides for sea damage to 130 hides to the amount of $58.50 allowed as aforesaid.

That this action was not prematurely brought, because commenced before the precise number of the sea damaged hides, or the extent of injury, by reason of such sea damage, had been ascertained, or before those sea damaged had been selected and set apart from the others.

That the plaintiffs are entitled to recover the said $2,736.38 from the defendant, and I do order judgment accordingly.

The defendant duly excepted to the several findings of fact made by the referee, and also to his conclusions of law, and appealed from the judgment entered on the report.

*Charles H. Glover*, for the appellant.

*Joseph H. Choate*, for the respondent.

Present—INGRAHAM, P. J.; CARDOZO and BARNARD, JJ.

CARDOZO, J. This case stands differently now from what it did when previously presented to the General Term.

It seems to me it only involves a question as to the construction of the agreement evidenced by the bought and sold note read in the light of the testimony, from which the referee has found that the whole of the property was sold and delivered to the defendant. I think it clear that the contract was for the purchase of all the hides at the price of twelve cents per pound, subject to a deduction from the

price, at usual or fair rate, for any of the hides that were sea damaged.  So construed, it is plain that the title to the whole passed to the defendants, and that the right to sue for the price followed immediately upon the delivery of the goods.

The judgment should be affirmed.